MAYNARD *v.* SMITH, PROSECUTING ATTORNEY, ET AL.

(Decided October 6, 1975.)

Municipal Court of Franklin County.

*Rosina R. Maynard,* for plaintiff.
*Mr. C. William Brownfield,* for defendants.

·FAIS, J.   Three identical complaints have been filed herein by Rosina R. Maynard alleging·that each defendant did act and perform in such a manner as to deprive one Kenneth Maynard of his ·constitutional rights as conferred by R. C. 2921.45.

· Each complaint was signed by the complainant on October 1, 1975, and filed with the clerk of this court.  The clerk, as the issuing authority, before ruling on the request for

a warrant, has required the complainant to appear personally and to be examined under oath for the purpose of determining whether there is probable cause to believe that an offense has been committed by any of the three public officals.

The procedure for such a hearing is set forth in Crim. R. 4(A)(1), reading as follows:

"If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.

"The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. Before ruling on a request for a warrant, the issuing authority may require the complainant to appear personally and may examine under oath the complainant and any witnesses. Such testimony shall be admissible at a hearing on a motion to suppress, if it was taken down by a court reporter or recording equipment.

"The issuing authority shall issue a summons instead of a warrant upon the request of the prosecuting attorney, or when issuance of a summons appears reasonably calculated to assure the defendant's appearance."

The complainant challenged the use or implementation of Crim. R. 4 at the outset of the hearing, by her statement that provisions of such rule should not be invoked herein. Complainant's motion to dismiss the proceedings was overruled by the court. The court held that Crim. R. 4 was constitutional, and further, that there was no valid showing that the hearing should not proceed.

Under Crim. R. 1(B), the purpose and construction of all the rules are stated to be:

"These rules are intended to provide for the just deter-

mination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay.''

This court finds that Crim. R. 4(A)(1) follows, to the letter, Crim. R. 1(B). Crim. R. 4(A)(1) confers a right upon the complainant and her husband (named in complaint as the aggrieved), rather than depriving them of any right.

Having concluded that the hearing was proper and in accordance with Crim. R. 4, the court directed its attention to the statements in each complaint and to R. C. 2921.45. The complaint stated in each instance that ''on or about the 19 day of March 1975'' the named defendant ''did under color of his office, employment or authority, knowingly deprived, or conspired, or attempted to deprive Kenneth Maynard of a constitutional or statutory right.''

R. C. 2921.45, effective January 1, 1974, describes a misdemeanor of the first degree:

''(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.

''(B) Whoever violates this section is guilty of interfering with civil rights, a misdemeanor of the first degree.''

A Committee Comment on this statute dealing with interfering with civil rights indicates the legislative intent as follows:

''This section retains a former prohibition against public officials using the power of their office to unlawfully deprive or deny any person his rights, under the guise of acting within the authority of his position. The section's requirement that a public official *act knowingly* in depriving another of a constitutional or statutory right is *designed to protect public officials who act in the honest belief that their actions are authorized or required by law, but whose conduct is later determined not to have been authorized or required.*'' (Emphasis added.)

It is established that Kenneth Maynard was charg-

ed with three counts of aggravated robbery, that at preliminary hearings in this court he was bound over to the Franklin County Grand Jury, and on February 25, 1975, that surety bonds were set to insure the recognizance of the defendant at subsequent hearings.

The said defendant was subsequently indicted by the Franklin County Grand Jury on four felony counts and the surety bonds were set at $14,000.

The record further discloses that on March 10, 1975, the surety filed a request for a bond surrender with the Common Pleas Court, stating that Kenneth Maynard ''has violated bond agreement due to travel and changing residency. Also by making himself unavailable for me to contact him * * *.''

The whereabouts of Kenneth Maynard was not determined until April 3, 1975. On that date he was declared to be in San Francisco, California, and a complaint was filed in the Municipal Court in the city of San Francisco and County of San Francisco under the Uniform Criminal Extradition Act, Section 1547 *et seq.*, Penal Code. The complaint stated that said defendant was charged with the crime of "Failure to Appear" on three robbery counts, and that ''said defendant has fled from the justice of said state (Ohio).''

The records at San Francisco indicate that the defendant would not waive his right to extradition, and therefore the fugitive charge was processed in San Francisco, with the final result that the defendant was delivered by California authorities to the sheriff of Franklin County.

The record in Franklin County verifies that Prosecutor, George C. Smith, authorized extradition, and the Sheriff's Department followed the regular, ordinary, legal and customary procedures in restoring the defendant physical presence to Franklin County.

There were some questions relating to the amount of the bond set in Franklin County, as well as the terms and conditions of the bond referring specifically to travel, the change of residency, and other restrictions on the activi-

ties of the defendant while under indictment and a surety bond.

However, the record is clear. The defendant did leave the jurisdiction of Franklin County while under indictment on the felony charges, the defendant's whereabouts were unknown to Franklin County authorities at the time the fugitive warrant was issued, and his surety and the court had a right, if not a duty, to seek and effect his return to this jurisdiction. There was no evidence indicating that the defendant would voluntarily return to Franklin County. In fact, the evidence established that he was fleeing the jurisdiction and secreting his whereabouts over 3000 miles beyond Franklin County.

After fully and carefully reviewing the record, this court concludes that George C. Smith, Prosecuting Attorney for Franklin County, Sheriff Harry J. Berkemer and Captain John A. Martin, acted reasonably, properly and in accordance with law in their efforts to return the defendant, Kenneth Maynard, to Franklin County. Their efforts to effect the personal appearance of Kenneth Maynard in Franklin County to stand trial are well defined by the statutes, and these three officials performed their duties as they are empowered.

This court finds that had not Prosecutor Smith, Sheriff Berkemer and Captain Martin, performed as they did, they would have been violative of their oaths of office and, derelict in their prescribed duties as the chief law enforcement officials of Franklin County.

Therefore, this court concludes, after the hearing held in these matters in accordance with the provisions of Crim. R. 4(A)(1), that:

1. Probable cause has not been established or shown by the complainant to believe that an offense has been committed by George C. Smith, Harry J. Berkemer and John A. Martin under R. C. 2921.45 and, more particularly, that they or any of them knowingly acted to deprive said Kenneth Maynard of a constitutional or statutory right;

2. The evidence discloses clearly that the three of-

ficials acted in the honest belief that their actions were authorized and required by law.

3. Probable cause for further proceedings against George C. Smith, Harry J. Berkemer and John A. Martin has not been shown.

4. Said Kenneth Maynard was afforded due process of law as to the extradition hearing in San Francisco, he was given ample opportunity to determine his rights, he was afforded the right to be represented by counsel, he was given a hearing in accordance with law, and the record discloses no acts of omission or commission on the part of the California courts or its officials which deprived this defendant of his rights to due process of law under the Constitution.

5. The clerk is ordered not to issue a warrant or summons as to any of the defendants on the complaints filed, all proceedings are quashed, and the court orders the complaints dismissed.

*Judgment accordingly.*