**The STATE of Ohio**

v.

**WILLIAMS.** ▮

Wayne County Municipal Court, Ohio,
Wooster Branch.

No. CRB99–10–0049.

Decided Dec. 3, 1999.

*Walter J. Vogel,* complainant.

*John E. Johnson,* for Christine C. Williams.

---

GREGORY L. FROST, Judge.

This matter came on for a hearing this 5th day of November, 1999, upon the motion to dismiss or strike filed by the defendant on October 22, 1999. The proceedings leading to this hearing are as follows.

On October 7, 1999, the complainant, Walter J. Vogel, filed an affidavit in the Wayne County Municipal Court. Walter J. Vogel is a practicing attorney in the state of Ohio and represented Sean L. Earley in defense of a charge of improperly handling a firearm. The alleged offense occurred on November 21, 1998, in Wayne County, Ohio. The affidavit filed by complainant Vogel indicates that a motion to suppress was filed in the Earley matter by the defendant on or about December 28, 1998. A suppression hearing was held on February 11, 1999, and the trial was scheduled for February 13, 1999. It is alleged in the affidavit that on February 12, 1999, after the trial court had denied the motion to suppress, the assistant prosecuting attorney, Christine C. Williams, who is the defendant in this matter, inquired of attorney Vogel concerning his client's intention to plead guilty. The assistant prosecutor was advised that the defendant did not intend to plead guilty. On the same day, attorney Vogel was advised that if a guilty plea was not forthcoming, the assistant prosecuting attorney, Christine Williams, would dismiss the case and present the same fact situation to the Wayne County Grand Jury to seek an indictment on felony charges. On the day of trial, the assistant prosecuting attorney dismissed the action and subsequently presented the matter to the Wayne County Grand Jury, which indicted the defendant on several felony charges.

The complainant Vogel charges defendant Christine Williams, a Wayne County Assistant Prosecuting Attorney, with coercion in violation of R.C. 2905.12(A)(4). That statute reads as follows:

"(A) No person, with purpose to coerce another into taking or refraining from action concerning which he has a legal freedom of choice, shall do any of the following:

"* * *

"(4) institute or threaten criminal proceedings against any person."

On October 22, 1999, defendant Williams filed a motion to dismiss or strike this matter and requested that a hearing be held. Because the assistant county prosecutor presents cases to the Wayne County Municipal Court on a daily basis,

both Wayne County Municipal Court judges recused themselves from this action. On October 25, 1999, the Ohio Supreme Court appointed this judge to the case.

The complainant filed the affidavit pursuant to R.C. 2935.09. That statute permits any private citizen to file an affidavit. The statute provides:

"In all cases not provided by sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a *private citizen* having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney." (Emphasis added.)

Once an affidavit is filed, the next procedural stage is mandated by R.C. 2935.10 and Crim.R. 4(A)(1). The Criminal Rule provides:

"(1) Upon complaint. If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.

"The finding of probable cause may be found by hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. *Before ruling on a request for a warrant, the issuing authority may require the complainant to appear personally and may examine under oath the complainant and any witnesses.* The testimony shall be admissible at a hearing on a motion to suppress, if it was taken down by a court reporter or recording equipment." (Emphasis added.)

In accordance with the provisions of Crim.R. 4(A)(1) and the holding in *Maynard v. Smith* (1975), 47 Ohio Misc. 47, 1 O.O.3d 404, 354 N.E.2d 722, a hearing was scheduled to determine whether there was probable cause to issue a warrant or summons in the matter. At the hearing, the parties waived the presentation of evidence and agreed to permit the court to decide the issues by assuming that the facts contained in the affidavit are true.

Having outlined the procedural matters which initiated the filing of the affidavit, the court now turns to the issue of probable cause. The affidavit alleges that the assistant prosecuting attorney committed the offense of coercion in violation of R.C. 2905.12(A)(4). However, R.C. 2905.12(B) provides prosecutors

with immunity from the application of R.C. 2905.12(A)(4) when conducting plea negotiations. The immunity provision provides as follows:

"(B) Divisions (A)(4) and (5) of this section shall not be construed to prohibit prosecutor or court from doing any of the following in good faith and in the interest of justice:

"(1) Offering or agreeing to grant, or granting immunity from prosecution pursuant to section 2945.44 of the Revised Code;

"(2) In return for a plea of guilty to one or more offenses charged or to one or more other or lesser offenses, or in return for the testimony of the accused in a case which he is not a party, offering or agreeing to impose, or imposing a certain sentence or modification of sentence;

"(3) Imposing probation on certain conditions, including without limitation requiring the offender to make restitution or redress to the victim of his offense."

This court finds that the actions of assistant prosecutor Williams fall within the immunity provisions of R.C. 2905.12(B)(2). During the plea negotiations, the assistant prosecuting attorney provided the defendant with a choice. The choice, after the trial court had ruled upon the motion to suppress in favor of the prosecution, was to plead guilty to the crime as charged or the case would be presented to the Wayne County Grand Jury, where an indictment would be sought on felony charges. The negotiations and subsequent actions of the assistant prosecutor fall within the spirit of the language of R.C. 2905.12(B)(2), and she is therefore immune from prosecution for coercion.

This court must assume that the Wayne County Grand Jury was convinced that sufficient grounds existed to believe that the defendant in that action, Early, had committed a felony crime, because an indictment was issued. Nothing has been presented which leads this court to conclude that the assistant prosecutor acted in bad faith or in an unethical manner. Indeed, the Disciplinary Counsel has found the procedure to be devoid of ethical ramifications.[1] The offer was made in the interests of resolving the misdemeanor conflict instead of elevating the matter to a felony status. Rather than criticizing, this court finds that the negotiations instituted by the assistant prosecutor to be in the interest of justice and judicial economy. There is no question in this court's mind that the offer made was in the nature of plea negotiations and thus the assistant prosecuting attorney is immune from prosecution.

---

1. A complaint of ethical violation was instituted by attorney Vogel against assistant prosecuting attorney Williams based upon the same facts as presented herein. On October 13, 1999, the Disciplinary Counsel of the Supreme Court found insufficient evidence to support further investigation and found that the tactics utilized did not constitute a violation of the Code of Professional Responsibility.

The United States Supreme Court has specifically approved this practice. In a case directly on point, the United States Supreme Court in *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, found that the defendant's constitutional rights to due process were not violated when the prosecutor threatened to seek an indictment on more serious charges if the defendant did not plead guilty to the pending charge. In that case, the defendant refused to plead guilty and the prosecutor presented the matter to the grand jury, which returned an indictment on a more serious charge. The defendant in that case was ultimately found guilty of the more serious charge. The defendant attacked the conviction on due process grounds. Although it was argued that the defendant was the victim of prosecutorial vindictiveness, the Supreme Court disagreed. The court stated:

"While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible 'attribute of any legitimate system which tolerates and encourages the negotiation pleas.' *Chaffin v. Stynchcombe* [(1973)], *supra*, 412 U.S., [17] at 31 [93 S.Ct., 1977, at 1985, 36 L.Ed.2d 714, at 726]. It follows that, by tolerating and encouraging the negotiation of pleas, this court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." (Emphasis added.) *Bordenkircher v. Hayes,* 434 U.S. at 364, 98 S.Ct. at 668, 54 L.Ed.2d at 611.

The court went on to hold as follows:

"[T]he course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment." *Id.* at 365, 98 S.Ct. at 669, 54 L.Ed.2d at 612.

The United States Supreme Court has held that a prosecutor is free to attempt to secure a guilty plea by presenting the defendant with a choice of either pleading guilty to one charge or facing prosecution on a more serious charge.

The defendant in the previous matter, Sean L. Earley, was fully informed of the terms of the offer when he made his decision to plead not guilty. This is not a situation where the prosecutor, without notice, brought an additional and more serious charge after plea negotiations relating only to the original indictment had ended with the defendant's insistence on pleading not guilty. As a practical matter, this case would be no different if the grand jury had indicted Earley from the outset and the prosecutor had offered to reduce the felony charge to that of a misdemeanor as a result of a plea bargain. Plea bargaining in whatever form is a

necessary part of the criminal justice system in some counties in Ohio. As one legal commentator observed, "plea bargaining is the lubrication which allows the criminal justice system to run smoothly." Indeed, the United States Supreme Court has had an occasion to comment upon plea bargaining. In *Blackledge v. Allison* (1977), 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136, the court observed:

"[W]hatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned."

Courts should be ever vigilant to prevent retaliation by a prosecuting attorney. It has been held that the prosecutor may not punish a person because that person has done what the law plainly allows him to do. Such a position is a due process violation of the most basic sort and is blatantly unconstitutional. See *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; *Black-ledge v. Perry* (1974), 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628, 634; *Chaffin v. Stynchcombe* (1973), 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714. However, in the context of true plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecutor's offer.

In this case, the defendant was advised by competent counsel and protected by other procedural safeguards. In such a case, the defendant is presumptively capable of an intelligent choice in response to the prosecutor's offer. While confronting a defendant with the risk of more severe punishment may have a discouraging effect upon the defendant's assertion of his trial rights, the imposition of this difficult choice is inevitable but permissible. To hold otherwise would encourage prosecutors to overindict in every case rather than charge the defendant with the crime most applicable to the factual situation. Encouraging overindictment is not an acceptable choice.

The court therefore concludes, after a hearing held in these matters in accordance with Crim.R. 4, that:

1. Probable cause has not been established or shown by the complainant and that the assistant prosecuting attorney is immune from prosecution by virtue of the application of R.C. 2905.12(B).

2. The course of conduct engaged in by the prosecutor by requesting a plea to the misdemeanor charge or facing possible felony charges does not violate the Due Process Clause of the Fourteenth Amendment.

3. The Clerk of Courts of the Wayne County Municipal Court is ordered not to issue a warrant or a summons to the defendant on the complaint filed.

4. The court hereby dismisses the affidavit.

5. The court costs of this action are assessed against the complainant, Walter J. Vogel.

Counsel for the defendant shall prepare and submit a judgment entry in accordance with this decision within seven days of the date of the filing of this decision.

*Judgment accordingly.*

GREGORY L. FROST, J., of the Licking County Court of Common Pleas, sitting by assignment.