[Cite as *State v. Shaw*, 2023-Ohio-3230.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230089 |
| | | TRIAL NO. B-2203717 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| CHRISTOPHER SHAW, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 13, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} After robbing Nathan Reynolds and his 11-year-old son at gunpoint, defendant-appellant Christopher Shaw pleaded guilty to robbery and having weapons while under disability. As part of his plea, the state, Mr. Reynolds, and Mr. Shaw all agreed to a recommended sentence of four years, but the trial court ultimately imposed a five-year sentence. Mr. Shaw now appeals, challenging the length of his sentence as unsupported by the record. After reviewing the evidence and the record before the trial court, however, we overrule his assignment of error and affirm the trial court's judgment.

I.

{¶2} In June 2022, Mr. Reynolds, accompanied by his 11-year-old son, met Mr. Shaw and an unidentified friend to sell them items of clothing. When Mr. Reynolds arrived, the unidentified friend approached the car and began looking at the merchandise. The 11-year-old child remained in the vehicle, but when he rolled his window down, Mr. Shaw approached the car and pointed the gun towards the child. Mr. Shaw then seized Mr. Reynolds' property, wallet, and the child's shoes.

{¶3} Mr. Shaw was ultimately indicted on three counts: aggravated robbery in violation of R.C. 2911.01(A)(1); robbery, in violation of R.C. 2911.02; and having weapons while under disability, in violation of R.C. 2923.13. Rather than go to trial, he entered into a plea agreement whereby the state agreed to amend count 1 for aggravated robbery to robbery as a third-degree felony; to amend the firearm specification down to a three-year specification; and to dismiss count 2 for robbery. He pled to count 3 for weapons under disability as charged. The assistant prosecuting

attorney, Mr. Reynolds, and Mr. Shaw agreed to a recommended four-year aggregate sentence.

{¶4} Although the trial court accepted the plea agreement and Mr. Shaw's guilty pleas, it imposed a total sentence of five years, the three-year firearm specification sentence to be served consecutively to two years on count 1 and 12 months on count 3 (to be served concurrently). Mr. Shaw now appeals.

II.

{¶5} In his sole assignment of error, Mr. Shaw challenges his five-year sentence, insisting that the record instead supported the recommended four-year sentence. Pursuant to R.C. 2953.08(G)(2), an appellate court in Ohio may vacate or modify a felony sentence only if it clearly and convincingly finds that the record "does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, *whichever, if any, is relevant*" or "the sentence is otherwise contrary to law." (Emphasis sic.) *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9.

{¶6} Mr. Shaw maintains that the trial court erred in sentencing him to five years because everyone (except the trial judge) agreed upon a recommended four-year sentence as part of the plea agreement, and Mr. Reynolds had forgiven him. But, generally speaking, a trial court is not bound by a recommended sentence and enjoys the discretion to reject a plea agreement or to impose a different sentence. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28 ("[T]rial courts may reject plea agreements and * * * they are not bound by a jointly recommended

sentence."); *see also State v. Elliot*, 2021-Ohio-424, 168 N.E.3d 33, ¶ 8 (1st Dist.) ("[P]lea agreements are not inherently binding upon the trial court.").

{**¶7**}    As a result, absent circumstances that we noted in *Elliot*, a trial judge can reject a recommended sentence and sentence a defendant to a different sentence, so long as (1) the sentence otherwise comports with the law, and (2) the defendant has " 'notice that the court might deviate from the recommended sentence.' " *Elliot* at ¶ 18, quoting *City of Warren v. Cromley*, 11th Dist. Trumbull No. 97-T-0213, 1999 Ohio App. LEXIS 206 (Jan. 29, 1999).  The trial court here discussed the possibility of a deviation from the recommended sentence with Mr. Shaw, explaining "[T]here's a recommendation * * * that you receive a sentence of four years * * *.  There's no promise.  There's no guarantee that that's the sentence you are doing to get.  I will ultimately decide the sentence, and knowing that there's no promise, no guarantee, do you really want to go forward with this plea? * * *."  Mr. Shaw acknowledged the court's warning, responding, "Yes, ma'am."

{**¶8**}    As the record confirms, the trial court made clear that it was accepting the plea agreement as a sentencing recommendation and provided Mr. Shaw with the opportunity to withdraw his guilty plea.  As such, the court provided Mr. Shaw with meaningful notice before issuing the sentence.  *See Elliot* at ¶ 23 ("Finally, and most importantly, the court thereafter provided [the defendant] the opportunity to withdraw his guilty plea, rendering the notice meaningful.").

{**¶9**}    Finally, the five-year sentence is an otherwise appropriate one under the law.  No one disputes that five years fell within the permissible sentencing range for the offenses to which Mr. Shaw pleaded guilty.  The trial court further considered the recommended sentence and Mr. Reynolds' statements of compassion in reaching its

sentencing decision. But the court also weighed factors supporting the imposition of a longer sentence—Mr. Shaw pointed a gun at a child, traumatizing the child, and refused to cooperate in the identification of his accomplice.

**{¶10}** For all of the reasons discussed above, we overrule Mr. Shaw's assignment of error.

\*      \*      \*

**{¶11}** In light of the foregoing analysis, we overrule Mr. Shaw's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.