[Cite as *State v. Harris*, 2024-Ohio-910.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230284 |
| | | TRIAL NO. B-2204945 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JAMAYIA HARRIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 13, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Jamayia Harris appeals from the trial court's judgment convicting her of sexual battery following her guilty plea. In her two assignments of error, Harris argues that the trial court erred to her prejudice by imposing a sentence that was not contemplated by the plea agreement and that she did not enter her guilty plea knowingly, voluntarily, and intelligently. Because a trial court is not bound by a recommended sentence in a plea agreement, we overrule Harris's challenge to her sentence. Further, we hold that the trial court substantially complied with Harris's non-constitutional rights pursuant to Crim.R. 11 in accepting her guilty plea. Accordingly, we overrule Harris's assignments of error and affirm the judgment of the trial court.

*Factual and Procedural Background*

{¶2} The charges against Harris relate to an incident that occurred on September 11, 2022, in which Harris performed non-consensual sexual acts on the victim, J.J., while the victim was unconscious. Harris was initially indicted on three charges: one count of rape in violation of R.C. 2907.02(A)(1)(c), one count of sexual battery in violation of R.C. 2907.03(A)(2), and one count of sexual battery in violation of R.C. 2907.03(A)(3).

{¶3} The parties negotiated a plea agreement. The plea agreement stated that Harris would be sentenced to three years of incarceration for one sexual battery charge. The rape count would be reduced to gross sexual imposition, for which Harris would be sentenced to one year of incarceration and the second count of sexual battery would be dismissed. The written plea form used by the parties misstated the potential

sentencing range of the sexual battery charge as nine to 36 months rather than the correct range of 12 to 60 months.

{¶4} At the sentencing hearing on May 1, 2023, the trial court noted the error in the written plea form. The trial court sentenced Harris to four years for sexual battery. The trial court merged the count of gross sexual imposition into the sexual battery count.

{¶5} The trial court repeatedly confirmed Harris's understanding of the sexual battery change and the sentence it carried during the hearing. Harris objected for the record, but did not seek to withdraw her plea. When asked, she confirmed that she had spoken to her lawyer about the correct sentencing range and that she understood it. Harris's attorney also repeatedly affirmed her agreement with the sexual battery change.

{¶6} Harris was sentenced to four years of incarceration and classified as a Tier I sex offender.

{¶7} Harris now appeals.

### Deviation from Plea Agreement

{¶8} In her first assignment of error, Harris argues that the trial court erred to her prejudice by deviating from the recommended sentence in the plea agreement. Harris specifically takes issue with the fact that the trial court imposed four years on the sexual battery count, rather than the three-year sentence contemplated by the plea agreement, even though her negotiated total four-year sentence did not change.

{¶9} As a general principle, a trial court is not bound by the parties' sentencing recommendation in a plea agreement and has the discretion to impose a different sentence. *State v. Shaw*, 1st Dist. Hamilton No. C-230089, 2023-Ohio-3230,

¶ 6; *see also State v. Elliott*, 2021-Ohio-424, 168 N.E.3d 33, ¶ 8 (1st Dist.) ("[P]lea agreements are not inherently binding upon the trial court."). Accordingly, absent circumstances not present in this case, a trial court may deviate from a recommended sentence in a plea agreement if: (1) the sentence otherwise comports with the law, and (2) the defendant is on notice that the court may deviate from what is recommended. *Shaw* at ¶ 6.

{¶10} Harris does not contend that her sentence did not comport with the law. Thus, the only question is whether the trial court put Harris on notice that it may deviate from the recommended sentence in the plea agreement.

{¶11} At the plea hearing, the trial court referred to the parties' contemplation that Harris would receive three years for the sexual battery charge and one year for the gross sexual imposition charge, to be served consecutively, as a "recommendation." The trial court informed Harris that it was not obligated to accept the recommendation, and Harris indicated she understood. Harris further indicated she still wanted to proceed with the plea knowing that the trial court was not required to accept the sentence that the parties contemplated. As in *Shaw*, this was sufficient to put Harris on notice that the trial court may deviate from the plea agreement at sentencing. Further, Harris received the four-year sentence she bargained for, albeit in a different form. Harris's first assignment of error is therefore overruled.

### *Plea Colloquy*

{¶12} In her second assignment of error, Harris argues that she did not knowingly, voluntarily, and intelligently enter a plea of guilty.

{¶13} Before accepting a guilty plea, a trial court must inform the defendant of his or her constitutional and non-constitutional rights. Crim.R. 11(C)(2). *In State*

*v. Carpenter*, the court explained the level of compliance with Crim.R. 11(C)(2) required for each category of rights:

> When reviewing a defendant's constitutional rights (right to a jury trial, right to call witnesses, etc.), a trial court must strictly comply with Crim.R. 11(C)(2)(c). In contrast, when reviewing a defendant's non-constitutional rights (maximum penalty involved, understanding effect of plea, etc.), a trial must substantially comply with Crim.R. 11(C)(2)(a) and (b). Substantial compliance means that under the totality of circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.

(Internal quotation marks and citations omitted.) *State v. Carpenter*, 4th Dist. Washington No. 22CA24, 2023-Ohio-2838, ¶ 10.

{¶14} An appellate court must independently review the record to ensure compliance with constitutional safeguards. *Id*. at ¶ 12. An appellate court will affirm the trial court's acceptance of a guilty plea "if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained in a manner reasonably intelligible to the defendant the consequences of pleading guilty." (Internal quotation marks omitted). *Id*. at ¶ 13. A defendant seeking "to invalidate a plea on the basis that the trial court partially, but not fully, informed the defendant of his or her non-constitutional rights must demonstrate a prejudicial effect." *Id*. at ¶ 14. This occurs when a defendant would not have entered a guilty plea but for the trial court's failure. *Id*.

{¶15} Harris argues that she was not adequately informed of the maximum penalty for the sexual battery charge, a non-constitutional right that requires

substantial compliance. But she makes no argument that she would not have entered a guilty plea if the trial court had correctly informed her of the sentencing range for sexual battery at the plea hearing and therefore cannot demonstrate the required prejudicial effect. In fact, when the clerical error was discovered and Harris was questioned about her understanding of the change at the sentencing hearing, she repeatedly indicated that she understood. Harris's counsel also relayed her desire to go forward. The fact that Harris received the same outcome that she anticipated—four years in prison—but through a different mechanism, namely merged counts rather than consecutive sentences—also cuts against the notion that Harris was prejudiced in entering her plea.

{¶16} In the absence of prejudice to Harris, and given the trial court's robust dialogue upon discovering the clerical error in the plea form, the trial court substantially complied with Harris's non-constitutional right to be informed of the maximum penalty against her under Crim.R. 11. Accordingly, her second assignment of error is overruled.

### *Conclusion*

{¶17} For the reasons set forth above, the trial court was not bound by the parties' recommended sentence in the plea agreement, and the trial court substantially complied with Harris's non-constitutional rights under Crim.R. 11. Accordingly, Harris's assignments of error are overruled, and the trial court's judgment is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

6

Please note:

> The court has recorded its own entry on the date of the release of this opinion.