[Cite as *State v. Davis*, 2024-Ohio-5688.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240217 |
| | | TRIAL NO. B-2205081 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| CLAUDETTE DAVIS, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: December 6, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

**{¶1}** Defendant-appellant Claudette Davis appeals the sentence of the Hamilton County Court of Common Pleas following her guilty plea to aggravated vehicular assault. More specifically, Davis challenges the fact that the trial court sentenced her to four years in prison, rather than the one year she and the State anticipated as part of a plea agreement. Davis also challenges the trial court's imposition of post-release control in its sentencing entry without providing notification at the sentencing hearing.

**{¶2}** Because the trial court informed Davis before she entered her guilty plea that it was not bound by the recommended sentence in the plea agreement, the trial court did not err in exceeding the one-year sentence the parties contemplated. But the trial court did err in failing to correctly notify Davis that she would be subject to discretionary post-release control after serving her prison term. Therefore, we affirm Davis's four-year sentence, but reverse the trial court's imposition of post-release control and remand the matter for the limited purpose of providing the proper post-release control notifications.

### *Factual and Procedural History*

**{¶3}** On November 10, 2022, Davis was indicted for aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree, vehicular assault in violation of R.C. 2903.08(A)(2)(b), a felony of the fourth degree, operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and operating a motor vehicle while under the influence of alcohol and refusing to submit to a chemical test in violation of R.C. 4511.19(A)(2), a misdemeanor of the first degree. The indictment

alleged that, on August 19, 2022, Davis was operating a vehicle while under the influence of alcohol and seriously injured another person, D.B., with her vehicle.

{¶4} On December 13, 2023, Davis withdrew her not-guilty pleas and entered a guilty plea both in writing and in open court. In exchange for a guilty plea to aggravated vehicular assault, the State agreed to dismiss the remaining counts of the indictment. As part of the plea agreement, the parties agreed that Davis would receive a one-year prison term rather than the maximum penalty of five years.

{¶5} Following a summary of the plea agreement by the State, the trial court engaged in a plea colloquy with Davis. After confirming that Davis understood the consequences of pleading guilty, the trial court accepted Davis's guilty plea and continued the matter for sentencing.

{¶6} Davis's sentencing hearing was held on March 18, 2024. At the beginning of the hearing, the trial court referenced a video Davis posted on a social media platform. The video reportedly showed Davis drinking alcohol and smoking marijuana in violation of the conditions of her pretrial release. When given an opportunity to explain the video, Davis characterized it as a "skit" she had created in retaliation for a neighbor who had been harassing her. She further maintained that she had not been drinking alcohol and that what the court suspected was marijuana was actually sage.

{¶7} The trial court expressed concern that Davis's behavior in the video was similar to the underlying conduct that led to her indictment. As the State explained, Davis had been under the influence and was live-streaming a social media video at the time she hit and injured D.B., a pedestrian. But Davis suggested that D.B. walked in front of her car and that he was not in a crosswalk as he should have been, essentially blaming him for the accident. Not accepting Davis's explanation, the State

emphasized the severity of Davis's conduct and the serious harm suffered by D.B., who had been left as a quadriplegic after Davis hit him.

{¶8} Ultimately, the trial court found that Davis was unremorseful and that she failed to take responsibility for her actions. It rejected the one-year agreed sentence included in the parties' plea agreement. Instead, it sentenced Davis to four years in the Ohio Department of Rehabilitation and Correction and a ten-year driver's license suspension and remitted fines and court costs. In its sentencing entry, the trial court additionally imposed up to two years of post-release control.

{¶9} Davis now appeals.

### *Sentencing*

{¶10} In her sole assignment of error, Davis takes issues with two aspects of her sentence. First, Davis argues that the trial court erred in imposing post-release control in its sentencing entry, when it failed to pronounce that sanction in open court. Second, Davis argues that the trial court erred when it imposed more than the one-year sentence contemplated by the plea agreement.

### *A. Post-release Control*

{¶11} To begin, Davis challenges the imposition of a two-year term of discretionary post-release control. Two particular aspects of the trial court's order are problematic from Davis's perspective. First, Davis takes issue with the fact that the trial court did not notify her at the sentencing hearing that she may be subject to post-release control. Second, Davis attacks what she perceives as the mandatory nature of the term of post-release control. She contends that aggravated vehicular assault is not a crime of violence mandating post-release control and that her term of post-release control should be discretionary. The State concedes that Davis is correct.

**{¶12}** Pursuant to R.C. 2929.19(B), the trial court must provide proper notice of post-release control both at the sentencing hearing and in its judgment entry. *State v. Grimes*, 2017-Ohio-2927, ¶ 8. Any sentence imposed without the requisite notification is contrary to law. *Id.*

**{¶13}** Davis pleaded guilty to aggravated vehicular assault, a third-degree felony, which carries a period of post-release control of up to two years. *See* R.C. 2967.28(C). Where a third-degree felony is an offense of violence, the post-release control period must not be less than one year, but may be up to three years. *See* R.C. 2967.28(B)(4). We have previously determined that aggravated vehicular assault is not a crime of violence and is therefore subject to the discretionary, rather than mandatory, period of post-release control. *See State v. Kamara*, 2023-Ohio-2146, ¶ 10 (1st Dist.).

**{¶14}** Here, the trial court failed to announce in open court that a discretionary term of post-release control was being imposed. This was error. But the trial court indicated in its judgment entry that Davis may be subject to up to two-years of post-release control, thus correctly reflecting the discretionary nature of the sanction.

**{¶15}** R.C. 2929.191 permits the trial court to remedy a faulty post-release control notification by holding a limited resentencing hearing for the purpose of providing the correct notifications. We accordingly sustain this portion of Davis's assignment of error, reverse the post-release control portion of Davis's sentence, and remand the cause for the trial court to hold a notification hearing in accordance with R.C. 2929.191.

### B. Agreed Sentence

**{¶16}** Davis next argues that the trial court erred when it failed to impose the

agreed one-year sentence and instead sentenced her to four years in prison.

**{¶17}** In general, "a trial court is not bound by a recommended sentence and enjoys the discretion to reject a plea agreement or to impose a different sentence." *State v. Shaw*, 2023-Ohio-3230, ¶ 6 (1st Dist.). So long as the resulting sentence is not contrary to law, a trial court may depart from an agreed sentence in a plea agreement when the trial court forewarns the defendant that it may impose a greater penalty. *Id.* at ¶ 7; *State v. Elliott*, 2021-Ohio-424, ¶ 18 (1st Dist.).

**{¶18}** Before accepting Davis's plea, the trial court made clear to her that it was not bound by the recommended one-year sentence. To that end, the following took place during Davis's plea colloquy:

> **Court**: This is a special felony of the third degree, which means I can give you anywhere from 12 to 60 months in prison and maximum fine of $10,000, 60 months, $10,000. It's my understanding you agree to serve one year in the Ohio Department of Corrections. Is that correct?
>
> **Defendant**: Yes, sir.
>
> . . .
>
> **Court**: Do you understand this agreed plea between your attorney and the State?
>
> **Defendant**: Yes, sir.
>
> **Court**: I was not a part of that process. Do you understand?
>
> **Defendant**: Yes, sir.
>
> **Court**: That means that I do not have to go with the agreement.
>
> **Defendant**: Yes, sir.
>
> **Court**: I can give you more time or I can give you less time.
>
> **Defendant**: Yes, sir.

**Court**: Depending on what I hear. Do you understand?

**Defendant**: Yes, sir.

**{¶19}** Given this exchange, Davis was adequately forewarned that she could receive a different sentence than the one contemplated by the plea agreement. She nonetheless entered her guilty plea following the plea colloquy.

**{¶20}** The four-year prison term imposed by the trial court was within the range of punishments authorized by law for the third-degree felony to which Davis pleaded guilty. *See* R.C. 2929.14(A)(3)(a). Its length was therefore not contrary to law. Davis contends, however, that the trial court's reasoning was incorrect. More specifically, Davis argues that the trial court should not have relied on the social media video posted after the accident to elevate her sentence. We note that the video was not made a part of the record and that we therefore cannot review its contents. Nevertheless, the transcript of the sentencing hearing reflects the trial court's thinking: it considered the video as evidence that Davis lacked remorse for her conduct and insight into its root causes. These were proper considerations under R.C. 2929.12(D)(5).

**{¶21}** We accordingly see no issue with the trial court's decision to reject the one-year sentence contemplated by the plea agreement and to impose a four-year sentence instead. We therefore overrule this portion of Davis's assignment of error.

### *Conclusion*

**{¶22}** Davis's assignment of error is sustained in part and overruled in part. We affirm Davis's four-year prison sentence, even though that prison term exceeded the one-year agreed sentence set forth in the plea agreement. But because the trial court failed to announce in open court that Davis was subject to a discretionary term of post-release control, we reverse the post-release control portion of Davis's sentence

and remand the cause to the trial court with instructions to hold a post-release control notification hearing.

Judgment accordingly.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.