OPINION
{¶ 1} Defendant, James C. Wombold, II, appeals from a judgmentoverruling Wombold's Crim.R. 32.1 motion for leave to withdrawthe guilty pleas on which he was convicted of Rape and GrossSexual Imposition and sentenced pursuant to law for thoseoffenses.
 {¶ 2} Wombold was indicted on three counts of Rape and threecounts of Gross Sexual Imposition. Each GSI charge also containeda "caused physical harm" specification. The State dismissed twoRape and two GSI charges and the specifications in exchange forWombold's guilty pleas to the remaining Rape and GSI charges.
 {¶ 3} On May 31, 2003, Wombold filed a Crim.R. 32.1 motion towithdraw his guilty pleas. He argued that he had suffered amanifest injustice when the Ohio Adult Parole Authority ("APA")subsequently classified him as eligible for parole on the basisof the greater number of offenses charged in the indictment, notthe two offenses to which he had pleaded guilty and which carryan earlier parole eligibility date.
 {¶ 4} The State filed a motion and memorandum contra. The State conceded that Wombold's classification by the APA was in violation of the rule subsequently set out in Layne v. OhioAdult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, which held that such misclassification breaches an underlying plea agreement and is therefore prohibited. However, the State also submitted an affidavit of Richard Spence, an officer of the Ohio Parole Board, who averred that the APA would re-classify Wombold properly in November of 2003, following a hearing that had been set for that purpose.
{¶ 5} On June 24, 2003, the trial court denied Wombold'smotion for leave to withdraw his guilty pleas. The court foundthat the action promised by the APA would afford Wombold thespecific performance of his plea bargain agreement he asked thecourt to enforce, fulfill the State's promises in its agreement,and make Wombold whole again. On that basis, the court concludedthat a manifest injustice necessary to grant Wombold'spost-sentence motion to withdraw his guilty pleas was not shown.
 {¶ 6} Wombold filed a timely notice of appeal from the trialcourt's judgment. He presents four assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 7} "It was error for the trial court to deny the motion fornew trial since there is no way that specific performance can beapplied in the instant case."
 {¶ 8} Implicit in a plea bargain agreement is a promise that the State will classify a defendant for parole eligibility consistent with the offenses to which he agrees to plead guilty; imposition of a more onerous classification therefore breaches the terms of the agreement. Layne. The remedy for the state's breach of a plea agreement is either recission, or to allow the defendant to withdraw his plea, or to order specific performance that requires the state to fulfill its promise. Santobello v.New York (1971), 404 U.S. 257, 92 S.Ct. 495; State v.Davenport (1996), 116 Ohio App.3d 6.
{¶ 9} The trial court found that the hearing which the APA hadpromised it would hold within several months would afford Womboldthe remedy of specific performance, such that no manifestinjustice necessary in order to grant Wombold's Crim.R. 32.1motion was demonstrated. Wombold argues that the trial courtabused its discretion when it denied him the relief to which heis entitled based on a wholly prospective event.
 {¶ 10} The term abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude concerning the matter before it was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 11} We cannot find an abuse of discretion on the aforementioned standard. The hearing the APA promised to hold was no different from the remedy of specific performance the court might order. An order requiring the State to do what it had promised to do would be an empty gesture. The court could reasonably rely on the State's promise to comply with the requirements of Layne by reclassifying Wombold. If that promise was not kept, that is, if no hearing was held in November of 2003 and/or Wombold was not reclassified consistent with Layne, he may file a new Crim.R. 32.1 motion seeking that relief.
{¶ 12} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 13} "It was an abuse of the court's discretion to dismissthe motion of the appellant prior to his being able to reply tothe brief of the appellee."
 {¶ 14} It appears from the record that the trial court deniedWombold's Crim.R. 32.1 motion before the time had expired withinwhich he might file a reply to the State's motion and memorandumcontra. See Mont. Loc.R. 2.05, Section II(A)(4) and 3.01. Womboldargues that the court abused its discretion in that respect, andlikewise in failing to comply with Crim.R. 46(D)(E) (sic) byordering a hearing on his motion.
 {¶ 15} Crim.R. 46 governs bail. Neither paragraph (D) norparagraph (E) of that rule has any application to Wombold'sCrim.R. 32.1 motion to withdraw his plea. He has not shown how hewas prejudiced by the trial court's failure to await his replybrief. The remedy the State promised affords Wombold the fullextent of the relief the court might on this record have beenpersuaded to order.
 {¶ 16} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 17} "It was error for the court to dismiss the motion ofthe appellant without conducting an impartial hearing into theissue of specific performance."
 {¶ 18} The court was not required to conduct a hearing todetermine whether the State breached its plea agreement, asWombold appears to contend, because the State conceded the point.The only question remaining was the remedy. We previously statedwhy the court did not abuse its discretion in ordering specificperformance of an agreement with which the State promised tocomply.
 {¶ 19} The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR {¶ 20} "The trial court erred when it failed to permit theappellant from withdrawing a plea that was not made knowingly,intelligently, and voluntarily in that his counsel failed toinform him of the full consequences of the plea."
 {¶ 21} Wombold argues that his guilty pleas were not knowingand intelligent because he was unaware that the State wouldbreach the agreement as it did. Any such infirmity will be curedby the State's performance of the promise it made to the trialcourt.
 {¶ 22} The fourth assignment of error is overruled.
 {¶ 23} The judgment of the trial court will be affirmed.
 Judgment affirmed.
 Fain, P.J. and Wolff, J., concur.