OPINION
{¶ 1} Defendant, Dominic Flowers, entered pleas of guilty to one count of aggravated burglary, R.C. 2911.11(A)(1), a first degree felony, and one count of intimidation of a crime victim, R.C. 2921.04(B), a third degree felony. In exchange, the State dismissed a charge of having weapons while under a *Page 2 
disability and a firearm specification attached to the aggravated burglary charge. As part of the plea agreement, Defendant was expressly told by the trial court that he would receive community control sanctions if he cooperated with the probation department and told the truth during the presentence investigation. Defendant was advised that one of the conditions of his supervision was that he was to have no contact whatsoever with the victims, Antoineice Bradley and Pamela Williamson, his former girlfriend and her mother. Defendant indicated that he understood those conditions. The trial court then accepted Defendant's guilty pleas and referred the matter for a presentence investigation report.
 {¶ 2} The State subsequently learned that Defendant had placed over four hundred telephone calls to the victims from the Montgomery County Jail while awaiting sentencing. The State filed a "Motion to Uphold Guilty Plea and Impose Sentence," claiming that Defendant's repeated attempts to contact the victims violated the terms of his plea agreement. Defendant responded with a "Motion to Enforce Plea Agreement Or, In the Alternative, Withdraw The Plea," claiming that it was his understanding that the order prohibiting him from having contact with the victims only applied after he was placed on community control. Following a hearing, the trial *Page 3 
court concluded that Defendant violated the terms of his plea agreement, and the court overruled Defendant's motion to enforce the plea agreement and place him on community control or, in the alternative, allow Defendant to withdraw his guilty plea. The court granted the State's motion to uphold Defendant's guilty plea and impose sentence. The trial court sentenced Defendant to concurrent five year prison terms on each charge. Defendant appealed to this court from his conviction and sentence.
 {¶ 3} Defendant's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received.
 {¶ 4} Defendant's appellate counsel has identified four possible issues for appeal.
 {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO ENFORCE THE PLEA AGREEMENT OR, IN THE ALTERNATIVE, PERMIT WITHDRAWAL OF THE PLEA."
 {¶ 6} A plea bargain is subject to contract law principles. State v.Burk, Franklin App. No. 04AP-531, 2005-Ohio-531. On the error suggested, we must examine the record *Page 4 
to determine the nature of the plea agreement, whether that agreement was breached, and if so by whom. Whether there has been a breach of a plea agreement is a determination that initially rests within the sound discretion of the trial court, and is reviewed on appeal under an abuse of discretion standard. State v. Matthews (1982), 8 Ohio App.3d 145;State v. Wombold, Montgomery App. No. 20000, 2004-Ohio-1932. The remedy for the State's breach of a plea agreement is either rescission, or to allow Defendant to withdraw his plea, or to order specific performance that requires the State to fulfill its promise. Wombold.
 {¶ 7} As part of the plea agreement the trial court promised to place Defendant on community control if he cooperated with the probation department and was truthful. The court also told Defendant that one of the conditions of his supervision was that he was to have no contact whatsoever with the victims, Antoineice Bradley and Pamela Williamson. That condition was specifically stated on the plea form Defendant signed. Defendant told the trial court at the plea hearing that he understood those requirements.
 {¶ 8} While awaiting sentencing, Defendant placed over four hundred phone calls to the victims from the Montgomery County Jail. Although those calls were never answered and *Page 5 
Defendant never actually had a conversation with the victims, Defendant placed those calls collect, and when a brief period was allowed for the caller to state his name, Defendant instead would leave a brief message. Dayton police recorded several such messages Defendant left on Williamson's cell phone, some of which were threatening. When Williamson had Defendant's calls to her from the jail blocked, Defendant enlisted a volunteer from St. Vincent to call Williamson.
 {¶ 9} The trial court held a hearing on the motions filed by the State and Defendant to determine whether Defendant's conduct violated the terms of his plea agreement. Eric Martz, a presentence investigator, testified that he asked Defendant whether he had made contact with the victims. Defendant answered, "No." Martz also asked Defendant if he attempted to contact the victims. Again, Defendant answered "No." Defendant testified that telling Martz that he had not contacted the victims was the truth, inasmuch as he never actually talked to either victim because his calls were not answered. Defendant denied that Martz ever asked him if he attempted to contact the victims. Defendant claimed that he was under the impression that the court's order prohibiting contact with the victims went into effect only after he was placed on community control. *Page 6 
 {¶ 10} The trial court found that Martz's testimony was more credible than Defendant's, and concluded that Defendant breached the plea agreement by lying to Martz about whether he attempted to contact the victims. The court further found that Defendant breached the plea agreement by his extreme conduct in constantly calling the victims when that conduct was inconsistent with the terms of his community control supervision. Because Defendant, and not the State, violated this plea agreement, the court concluded that Defendant was not entitled to have that agreement enforced and be placed on community control. In that regard, no abuse of the trial court's discretion has been demonstrated on this record.
 {¶ 11} In State v. Minkner, Champaign App. No. 2006CA32,2007-Ohio-5574, at ¶ 7-9, this court stated:
 {¶ 12} "A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal.State v. Xie (1992), 62 Ohio St.3d 521. However, a defendant does not have an absolute right to withdraw his plea prior to sentencing.Id. A trial court must hold a hearing on the motion to determine if a reasonable and legitimate basis exists for the withdrawal. Id. *Page 7 
 {¶ 13} "The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Id. Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. Id.
 {¶ 14} "No abuse of discretion in denying a presentence motion to withdraw a plea is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim. R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request.State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863. A `change of heart' is not sufficient justification to permit withdrawal of a guilty plea. State v. Lambrose (1988), 44 Ohio App.3d 102; State v.Landis (Dec. 6, 1995), Montgomery App. No. 15099."
 {¶ 15} This record demonstrates that Defendant was represented by highly competent defense counsel during the course of the trial court proceedings. He was afforded a full hearing before entering his guilty pleas, at which the trial *Page 8 
court meticulously complied with the provisions of Crim. R. 11(C)(2). Defendant was afforded a complete and impartial hearing on his motion to withdraw his guilty pleas. The trial court gave full and fair consideration to Defendant's plea withdrawal request, but rejected it because Defendant failed to demonstrate a reasonable and legitimate basis for the withdrawal.
 {¶ 16} No abuse of discretion by the trial court in denying Defendant's motion to withdraw his guilty pleas is demonstrated.Peterseim. That is especially true here, because the record strongly suggests that the reason Defendant wanted to withdraw his pleas was due to a change of heart brought about by Defendant's concern that the court might not impose the community control sanctions he had been promised, after he had breached the plea agreement by lying to the presentence investigator and repeatedly attempting to contact the victims while awaiting sentencing. This assignment of error lacks arguable merit.
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING FIVE YEAR PRISON TERMS."
 {¶ 18} The trial court imposed concurrent five year prison terms for aggravated burglary, a first degree felony, and intimidation of a crime victim, a third degree felony. Per *Page 9 State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. Id., at paragraph 7 of the Syllabus. In exercising its discretion, however, the trial court must consider the statutes that apply to every case, including R.C. 2929.11 and 2929.12. State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 37.
 {¶ 19} When reviewing felony sentences, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, to determine whether the sentence is clearly and convincingly contrary to law. State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. If that first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under an abuse of discretion standard.Id.
 {¶ 20} A review of the files and records indicate that the trial court considered the statutory sentencing factors that apply. The court specifically noted that for the first degree felony offense of aggravated burglary it is presumed that a prison term is necessary to comply with the purposes and *Page 10 
principles of felony sentencing in R.C. 2929.11. See R.C. 2929.13(D). Moreover, the five year prison terms the court imposed are within the range of available authorized sentences for felonies of the first and third degree. R.C. 2929.14(A)(1), (3).
 {¶ 21} The court found that Defendant forfeited his right to enforcement of the plea agreement, which specified that Defendant would be placed on community control if he cooperated with probation, was truthful, and had no contact with the victims, because he violated that agreement by lying to the presentence investigator and by attempting over four hundred times to contact the victims from the jail before sentencing, after the court expressly told Defendant that one condition of his supervision was that any contact with the victims was prohibited. The court also correctly informed Defendant about his period of mandatory post release control after he is released from prison. The trial court's sentence is not clearly and convincingly contrary to law.
 {¶ 22} Neither did the trial court abuse its discretion in imposing its sentence. The five year prison sentence, while a maximum sentence for a third degree felony of intimidation of a crime victim, is only a mid-low range sentence for a first degree felony offense of aggravated burglary. The court *Page 11 
imposed concurrent sentences, and in imposing its sentence the court considered the presumption in favor of a prison term that applies to all first degree felonies, and the fact that Defendant forfeited his bargained-for sentence of community control by violating the plea agreement in this case. This assignment of error lacks arguable merit.
Ineffective Assistance of Counsel
 {¶ 23} Defendant argues that his trial counsel's performance was deficient in several respects.
 {¶ 24} In State v. King, Clark App. No. 07-CA-116, 2008-Ohio-5363, at ¶ 49, this court observed:
 {¶ 25} "In order to demonstrate ineffective assistance of counsel, King must establish that his counsel's representation fell below an objective standard of reasonableness and that he has been prejudiced by his counsel's deficient performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. `The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, 466 U.S at 694, 104 S.Ct. 2052,80 L.Ed.2d 674; *Page 12 Bradley, 42 Ohio St.3d at 142, 538 N.E.2d 373. Furthermore, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. SeeStrickland, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. Id.; State v. Parker, Montgomery App. No. 19486, 2003-Ohio-4326, 2003 WL 21949748, ¶ 13."
 {¶ 26} Defendant argues that his counsel performed deficiently because he failed to file various unspecified motions that Defendant wanted filed, failed to call various unspecified witnesses that Defendant wanted called, failed to meet with Defendant on more than one occasion, and failed to explain to Defendant that attempting to contact the victims during the presentence investigation process would not be in Defendant's best interests. With respect to these claims of ineffective assistance of counsel, because the essential facts upon which these claims rely are clearly outside the record presently before this court, we cannot determine in this direct appeal whether trial counsel was ineffective in any of *Page 13 
those particulars. State v. Cooperrider (1983), 4 Ohio St.3d 226.
 {¶ 27} Defendant further claims that his counsel performed deficiently by failing to subpoena the notes made by the presentence investigator during his interview with Defendant. This claim falls into the category of trial strategy and how best to represent Defendant. The presentence investigator, Eric Martz, testified and was cross-examined by Defendant's counsel regarding the subjects and content of the conversation between Defendant and Martz, including what Martz asked and Defendant said about his contacting or attempting to contact the victims. Trial tactics, even ones that are debatable or prove ineffective, do not constitute ineffective assistance of counsel.State v. Clayton (1980), 62 Ohio St.2d 45. This assignment of error lacks arguable merit.
Speedy Trial
 {¶ 28} Lastly, Defendant argues that he was not brought to trial within the time required by R.C. 2945.71, and therefore his speedy trial rights were violated and the trial court should have granted his motion to dismiss this case.
 {¶ 29} A motion to dismiss this case based upon a claimed speedy trial violation was filed pro se by Defendant on May 2, 2008, several weeks after Defendant had entered his pleas of *Page 14 
guilty in this case on March 18, 2008. Under those circumstances, Defendant's motion for discharge was not timely made at or prior to the commencement of trial as R.C. 2945.73(B) requires, and therefore his speedy trial challenge has been waived. State v. Knight, Greene App. No. 2003CA14, 2004-Ohio-1941.
 {¶ 30} However, we note that if the State violated Defendant's speedy trial rights, there is no justifiable reason for not having raised that issue in a timely manner. Given that a timely and meritorious motion to dismiss on speedy trial grounds would have resulted in a dismissal of the charges, trial counsel's failure to file that motion would clearly constitute deficient performance and result in prejudice to Defendant.State v. Knight, Greene App. No. 03-CA-014, 2005-Ohio-3179. Accordingly we will examine whether Defendant's speedy trial rights were violated.
 {¶ 31} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio, that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. State v. Pachey (1980), 64 Ohio St.2d 217, 221. The particular rights conferred by that statutory scheme attach *Page 15 
when a defendant is arrested on criminal charges. They continue so long as those charges remain pending, until his criminal liability is determined by trial or a plea of guilty or no contest.
 {¶ 32} R.C. 2945.71(C)(2) requires the State to bring a person against whom a felony charge is pending to trial within 270 days after the person's arrest, unless the time for trial is extended pursuant to the provisions in R.C. 2945.72. Each day the person is held in jail in lieu of bail on the pending charge is counted as three days. R.C.2945.71(E). For a violation of the rights these sections confer, a defendant may seek a discharge from criminal liability pursuant to R.C. 2945.73.
 {¶ 33} Defendant was arrested on the charges in this indictment on November 5, 2007, and remained continuously incarcerated thereafter. Accordingly, the triple count provision in R.C. 2945.71(E) applies. The time for bringing Defendant to trial began running on November 6, 2007, the day after his arrest, State v. Cline, Champaign App. No. 2002-CA-5, 2003-Ohio-4712, and ran until November 26, 2007, when Defendant filed a motion for a continuance that tolled the time pursuant to R.C. 2945.72(E). During that period sixty-three days (21 multiplied by 3) chargeable to the State *Page 16 
elapsed for speedy trial purposes. Defendant's continuance tolled the time from November 26, 2007, until December 12, 2007.
 {¶ 34} On December 12, 2007, time began running again and ran until January 16, 2008, when Defendant filed a second motion for a continuance that tolled the time per R.C. 2945.72(E). During that period another 108 days, (36 multiplied by 3) chargeable to the State elapsed for speedy trial purposes, bringing the total elapsed days to 171. Defendant's second continuance tolled the time from January 16, 2008 until March 5, 2008.
 {¶ 35} On March 5, 2008, time began running again and ran against the State until March 18, 2008, at which time Defendant entered his pleas of guilty in this case. During that period another forty-two days, (14 multiplied by 3) chargeable to the State for speedy trial purposes elapsed, bringing the total elapsed speedy trial time to 213 days, well within the allowable two hundred and seventy day limit.
 {¶ 36} Even if the time Defendant spent incarcerated in jail on these charges pursuant to a complaint filed prior to his indictment is included, it would only add another thirty days (10 multiplied by 3) from October 26, 2007 until November 5, 2007, for a total of 243 days, still well within the *Page 17 
allowable 270 day limit. Defendant's speedy trial rights were not violated, and defense counsel did not perform deficiently by failing to timely file a motion to dismiss this case on that basis. This assignment of error lacks arguable merit.
 {¶ 37} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings pursuant to Penson v. Ohio
(1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
BROGAN, J. And FAIN, J., concur.
Copies mailed to:
Carley J. Ingram, Esq. Sean J. Vallone, Esq. Hon. Barbara P. Gorman *Page 1