[Cite as *State v. Taylor*, 2021-Ohio-4361.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,          CASE NO. 5-21-14

     v.

LEWIS M. TAYLOR,               O P I N I O N

     DEFENDANT-APPELLANT.

STATE OF OHIO,

     PLAINTIFF-APPELLEE,           CASE NO. 5-21-15

     v.

LEWIS M. TAYLOR,               O P I N I O N

     DEFENDANT-APPELLANT.

STATE OF OHIO,

     PLAINTIFF-APPELLEE,           CASE NO. 5-21-16

     v.

LEWIS M. TAYLOR,               O P I N I O N

     DEFENDANT-APPELLANT.

Case Nos. 5-21-15, 5-21-15, 5-21-16

---

**Appeals from Hancock County Common Pleas Court
Trial Court Nos. 2018 CR 00101, 2019 CR 00524 and 2020 CR 00242**

**Judgments Affirmed**

**Date of Decision:   December 13, 2021**

---

**APPEARANCES:**

   *W. Alex Smith* **for Appellant**

   *Phillip A. Riegle* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Lewis M. Taylor ("Taylor"), appeals the April 8, 2021 judgment entry revoking his community control sanctions, terminating him unsuccessfully from community control supervision and sentencing him in three cases in the trial court in case number 2018 CR 101 ("2018 case"), 2019 CR 524 ("2019 case"), and 2020 CR 242 ("2020 case").  For the reasons that follow, we affirm.

{¶2} On April 3, 2018, the Hancock County Grand Jury indicted Taylor's 2018 case on a single criminal count of "knowingly sell[ing] * * * a counterfeit controlled substance" in violation of R.C. 2925.37(B), a fifth-degree felony.  (Case No. 2018 CR 101, Doc. No. 1).  On July 19, 2018, Taylor withdrew his formerly

tendered not guilty plea and entered a guilty plea to the single-count indictment. (Case No. 2018 CR 101, Doc. Nos. 25, 27). On September 10, 2018, Taylor was sentenced to five years of community control sanctions with a 12-month reserved sentence. (Case No. 2018 CR 101, Doc. No. 31).

{¶3} On February 18, 2020, Taylor was indicted by the Hancock County Grand Jury in his 2019 case for Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a fifth-degree felony. (Case No. 2019 CR 524, Doc. No. 2). On March 4, 2020, Taylor appeared for his arraignment and entered a not-guilty plea. (Case No. 2019 CR 524, Doc. No. 9).

{¶4} On July 29, 2020, Taylor filed a motion to suppress the evidence in the trial court. (Case No. 2019 CR 524, Doc. No. 19). The suppression hearing was originally scheduled for August 17, 2020; however, Taylor failed to appear for the scheduled hearing resulting in the issuance of a bench warrant for Taylor's arrest. (Case No. 2019 CR 524, Doc. Nos. 21, 23, 25).

{¶5} On August 19, 2020, Taylor's counsel of record filed a combined motion to withdraw the bench warrant and to continue the suppression hearing that went unopposed. (Case No. 2019 CR 524, Doc. No. 28). The bench warrant was served on Taylor, and he was taken into custody on August 20, 2020. (Case No. 2019 CR 524, Doc. No. 30). Nevertheless, on August 24, 2020, the trial court granted Taylor's motion withdrawing the warrant and reinstating Taylor's bond as

previously ordered, reassigned the suppression hearing for October 26, 2020 and ordered Taylor to report to the Hancock County Adult Probation Department immediately upon his release. (Case No. 2019 CR 524, Doc. No. 33).

{¶6} On September 1, 2020, Taylor was indicted by the Hancock County Grand Jury his 2020 case on one count of Failure to Appear in violation of R.C. 2937.29; 2937.99(A), a fourth-degree felony.[1] (Case No. 2020 CR 242, Doc. No. 1). On September 16, 2020, Taylor (through his counsel of record) entered a written plea of not guilty. (Case No. 2020 CR 242, Doc. No. 11).

{¶7} On November 9, 2020, Taylor's attorney suffered an infection of the Covid-19 virus and (with his condition worsening) requested leave to withdraw as Taylor's attorney in his 2019 and 2020 cases, which the trial court granted.[2] (Case No. 2019 CR 524, Doc. Nos. 47, 48); (Case No. 2020 CR 242, Doc. Nos. 20, 21).

{¶8} On November 19, 2020, Taylor's new attorney filed a motion requesting modification of Taylor's bond in his 2019 and 2020 cases. (Case No. 2019 CR 524, Doc. Nos. 46, 59); (Case No. 2020 CR 242, Doc. No. 30). On December 8, 2020, the trial court held a bond-modification hearing in those cases and granted Taylor's request modifying his bond to an own recognizance bond ("OR

---

[1] The facts supporting the State's indictment against Taylor in his 2020 case is Taylor's failure to appear before the Hancock County Common Pleas Court for the suppression hearing scheduled on August 17, 2020. (Case No. 2020 CR 242, Doc. No. 1).

[2] The judgment entries granting leave to withdraw also included the substitution of counsel. (Case No. 2019 CR 524, Doc. No. 48); (Case No. 2020 CR 242, Doc. No. 21). It appears from our review of the record that Taylor's substituted counsel was also appointed represented him in relation to his revocation hearing in his 2018 case. (Case No. 2018 CR 101, Doc. Nos. 53, 55, 56)

bond"). (Case No. 2020 CR 242, Doc. No. 30). Thereafter, Taylor executed a personal recognizance and was released later that afternoon. (Case No. 2020 CR 242, Doc. No. 32).

{¶9} On December 29, 2020, the trial court issued a bench warrant in Taylor's cases for bond violations of the conditions prohibiting consumption or possession of illegal drugs and leaving the Hancock County. (Case No. 2019 CR 524, Doc. No. 61); (Case No. 2020 CR 242, Doc. No. 34). Taylor was apprehended on this bench warrant on December 30, 2020. (Case No. 2019 CR 524, Doc. No. 64); (Case No. 2020 CR 242, Doc. No. 37)

{¶10} After being rescheduled a number of times, the suppression hearing in the 2019 case was finally reassigned for February 4, 2021. (Case No. 2019 CR 524, Doc. Nos. 46, 72). The State and Taylor appeared for the scheduled hearing however, the parties reached a plea agreement that resulted in the suppression hearing being converted into a change-of-plea hearing. (Feb. 4, 2021 Tr. at 3-4); Case No. 2019 CR 524, Doc. No. 127); (Case No. 2020 CR 242, Doc. No. 96).

{¶11} Pursuant to the plea agreement, Taylor withdrew his previously tendered not-guilty pleas and entered a guilty plea to Aggravated Possession of Drugs in his 2019 case and to the Failure to Appear charge in his 2020 case.[3] (Feb.

---

[3] The judgment entries of conviction in his 2019 and 2020 cases were filed on April 2, 2021 wherein the trial court ordered the preparation of a presentence-investigation report. (Case No. 2019 CR 524, Doc. No. 87); (Case No. 2020 CR 242, Doc. No. 56).

4, 2021 Tr. at 36-40); (Case No. 2019 CR 524, Doc. Nos. 75, 127); (Case No. 2020 CR 242, Doc. Nos. 45, 96).

{¶12} On February 9, 2021, the trial court modified Taylor's bond to an OR bond releasing him the following day on conditions.  (Case No. 2019 CR 524, Doc. Nos. 77, 79); (Case No. 2020 CR 242, Doc. Nos. 47, 49).

{¶13} On February 17, 2021, the trial court issued another bench warrant for Taylor's arrest for his failure to comply with the conditions of his bond in his 2019 and 2020 cases.  (Case No. 2019 CR 524, Doc. No. 81); (Case No. 2020 CR 242, Doc. No. 51).  Taylor was arrested the same day, and a revocation hearing was set for April 1, 2021.  (Case No. 2018 CR 101, Doc. Nos. 54, 55); (Case No. 2019 CR 524, Doc. No. 85); (Case No. 2020 CR 242, Doc. No. 55).

{¶14} At the revocation hearing, Taylor and the State stipulated to the admission of Joint Exhibit "1" and Taylor admitted that he was in violation of the terms of his supervision.  (Apr. 1, 2021 Tr. at 5-11); (Case No. 2018 CR 101, Doc. Nos. 56, 86).  Thereafter, the trial court revoked Taylor's community control sanctions, terminated him unsuccessfully, and sentenced Taylor to seven months in prison to be served consecutively the prison terms imposed in case numbers 2019 CR 524 and 2020 CR 242.[4]  (*Id.* at 41); (Case No. 2018 CR 101, Doc. Nos. 56, 86).

---

[4] Taylor received 210 days' jail-time credit for time previously served.  (Case No. 2018 CR 101, Doc. No. 56).

{¶15} Then, the trial court sentenced Taylor in his 2019 case to a 12-month prison term to be served concurrently to the sentence imposed in case number 2020 CR 242 and consecutively to the sentence in case number 2018 CR 101.  (*Id.* at 39); (Case No. 2019 CR 524, Doc. Nos. 87, 128).

{¶16} And finally, the trial court sentenced Taylor to a 17-month prison term in his 2020 case to be served concurrently to the sentence imposed in the 2019 case and consecutive to the sentenced imposed in his 2018 case.[5]  (*Id.* at 39-40); (Case No. 2020 CR 242, Doc. Nos. 60, 97).

{¶17} Taylor filed his notices of appeal on April 30, 2021 in all three of his cases raising one assignment of error for our review, which we have consolidated for the purposes of appeal.  (Case No. 2018 CR 101, Doc. No. 64); (Case No. 5-21-14, JE, May 13, 2021); (Case No. 2019 CR 524, Doc. No. 99); (Case No. 5-21-15, JE, May 13, 2021); (Case No. 2020 CR 242, Doc. No. 68); (Case No. 5-21-16, JE, May 13, 2021).

**Assignment of Error**

**The State of Ohio Breached its Plea Agreement with Taylor.**

{¶18} In his assignment of error, Taylor argues that the State breached its plea agreement rendering his guilty pleas in his 2019 and 2020 cases invalid on the

---

[5] Taylor was given two days' jail-time credit towards his prison term.  (Case No. 2020 CR 242, Doc. No. 60). The judgment entries of sentencing in all three cases were filed on April 8, 2021.  (Case No. 2018 CR 101, Doc. No. 56); (Case No. 2019 CR 524, Doc. No. 91); (*Id.*).

basis that those pleas were given unknowingly and involuntarily. Specifically, he asserts that the State exceeded the scope of the negotiated plea agreement by not "standing silent" in the 2019 and 2020 cases.

*Standard of Review*

{¶19} "'Whether a party to a plea agreement breached the terms and obligations of the agreement is a matter entrusted to the sound discretion of the trial court, which will not be disturbed absent an abuse of discretion.'" *State v. Harrington,* 3d Dist. Logan No. 8-20-37, 2021-Ohio-343, ¶ 10, quoting *State v. Tite*, 6th Dist. Huron Nos. H-12-017 and H-12-021, 2013-Ohio-1361, ¶ 7, citing *State v. Matthews*, 8 Ohio App.3d 145, 146 (10th Dist.1982) and *State v. Flowers*, 2d Dist. Montgomery No. 22751, 2009-Ohio-1945, ¶ 6. The abuse of discretion standard of review implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.*, citing *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶20} As an initial matter, Taylor did not object to the State's position at sentencing. Thus, he has forfeited all but plain error on appeal related to the purported breach of the State's obligation under the negotiated plea agreement. (*See* Apr. 1, 2021 Tr. at 11-16); (Case No. 2018 CR 101, Doc. No. 86).

{¶21} "Crim.R. 52(B) governs plain-error review in criminal cases." *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 55, citing *State v. Risner*,

73 Ohio App.3d 19, 24 (3d Dist.1991).  "To establish plain error, [Taylor] must point to an obvious error that affected the outcome of the proceedings below." *State v. Liles*, 3d Dist. Allen No. 1-14-61, 2015-Ohio-3093, ¶ 18, citing *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, ¶ 6.  "A court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice." *State v. Smith*, 3d Dist. Hardin No. 6-1414, 2015-Ohio-2977, ¶ 63, citing *State v. Saleh*, 10th Dist. Franklin No. 07AP-431, 2009-Ohio-1542, ¶ 68.  *See also State v. Montgomery*, 4th Dist. Adams No. 07CA858, 2008-Ohio-4753, ¶ 16.

*Breach of a Negotiated Plea Agreement*

**{¶22}** "Any time a prosecutor induces a defendant into pleading guilty because of certain promises the prosecutor gives the defendant, the prosecutor must keep those promises." *State v. McGinnis*, 3d Dist. Van Wert No. 15-08-07, 2008-Ohio-5825, ¶ 5, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495 (1971). "If the prosecutor fails to keep his promises under the plea agreement, then the trial court should 'either require specific performance by the State or allow the defendant to withdraw the plea.'" *Id.*, quoting *Montgomery* at ¶ 14, citing *State v. Simpson*, 2d Dist. Montgomery No. 20016-20018, 2004-Ohio-4690, ¶ 14 and *State v. Sideris*, 4th Dist. Athens No. 04CA37, 2005-Ohio-1055, ¶ 37.  *See also Liles* at ¶ 11 ("The State's failure to abide by the terms of the plea agreement entitles the defendant to

either specific performance–i.e., the defendant's resentencing by a different judge, or withdrawal of his or her guilty plea."), citing *McGinnis* at ¶ 5 and *Santobello* at syllabus.

{¶23} Recently, the Supreme Court of Ohio emphasized the "necessity of placing" the underlying agreement on the record.  *See State v. Azeen*, 163 Ohio St.3d 447, 2021-Ohio-1735, ¶ 36, citing Crim.R. 11(F).  Here, Taylor's argument relates to the scope of the negotiated plea agreement.  The record reveals the terms of the agreement placed on the record (in open court) at Taylor's change-of-plea hearing as follows:

| | |
|---|---|
| [State] | Yes, Your Honor.  Please [sic] the Court: As you indicated, we were originally scheduled for a motion hearing.  We have reached a resolution regarding both matters.  It's my understanding that defense counsel wishes to withdraw the pending motion to suppress, wishes to tender guilty pleas to the two counts that are pending, or I should say two cases. |
| | In 2019 CR 524, would be tendering a guilty plea to aggravated possession of drugs, a felony of the fifth degree.  And in the 2020 CR 242 case, would tender a guilty plea for failure to appear, a felony of the fourth degree. |
| | The parties will be requesting a PSI, and *the State has agreed that if there are no violations of law or bond moving forward, we would defer to the Court as to the* |

|  | *appropriate sentence in each of these matters.* |
|---|---|
|  | Also, it's my understanding defense would like to be heard on bond today, and the State has likewise agreed to defer to the Court on that motion. |
| [Trial Court] | Okay. Mr. Wortman? |
| [Taylor's Trial Counsel] | Thank you, Your Honor. Please it please [sic] the Court: That's an accurate recitation of the negotiations in this case. At this point in time, I would withdraw the previously filed motion to suppress, proceed with the change of a plea today. On [sic] those regards, we'll withdraw the previously-tendered not guilty pleas as to both cases. |
|  | My client is prepared to tender a plea of guilty to the F5 possession and the F4 failure to appear. We are asking for a presentence investigation and would ask to be heard on bond, once the Court accepts the guilty pleas. |
| [Trial Court] | All right. Mr. Taylor, was that your understanding about how you going to proceed today? |
| [Taylor] | Yes, Your Honor. |

(Emphasis added.) (Feb. 4, 2021 Tr. at 4-5); (Case No. 2019 CR 524, Doc. No. 127); (Case No. 2020 CR 242, Doc. No. 96).

{¶24} Neither the State nor Taylor dispute that there was a plea agreement as to Taylor's 2019 and 2020 cases. Rather, each party characterizes the State's

-11-

position at sentencing differently. Taylor argues that the State was required to "stand silent", while the State argues that it would merely "defer to the trial court" as to sentencing provided the contingencies were met.

{¶25} Importantly, the State recitation of the agreement in open court clarifies its posture as one of *deference* to the trial court regarding bond modification (at the change-of-plea hearing) and as to the ultimate sentence in Taylor's 2019 and 2020 cases (at sentencing) provided that Taylor has no further violations of law or bond violations after the plea hearing of February 4, 2021. Taylor acknowledged he understood the terms of the negotiated plea agreement. (*See* Feb. 4, 2021 Tr. at 6-7); (Case No. 2019 CR 524, Doc. No. 127); (Case No. 2020 CR 242, Doc. No. 96).

{¶26} Nevertheless, Taylor failed a drug screen administered by the Hancock County Adult Probation Department on February 17, 2021. (Case No. 2018 CR 101, Doc. No. 54). (*See* Case No. 2019 CR 524, Doc. Nos. 81, 85); (Case No. 2020 CR 242, Doc. Nos. 51, 55). Further, prior to the convening of his sentencing hearings in his 2019 and 2020 cases, Taylor entered his admission to violating the terms of his probation, which included, but was not limited to, the aforementioned positive drug screen. (Apr. 1, 2021 Tr. at 5-11); (Case No. 2018 CR 101, Doc. Nos. 56, 86).

{¶27} Hence, in our view, the record demonstrates that Taylor, not the State, breached the plea agreement by testing positive for illegal drugs while out on bond awaiting sentencing, despite his agreement otherwise. *See State v. Anderson*, 4th Dist. Scioto No. 19CA39871, 2020-Ohio-6912, ¶ 12 (concluding that "The record demonstrates that Anderson, not the State, breached the plea agreement by testing positive for marijuana while out on bond prior to sentencing, despite agreeing that he would not use illegal drugs pursuant to his bond agreement.").

{¶28} Consequently, the State did not breach the terms of the plea agreement (by recommending the imposition of a prison term) in light of Taylor's failure to honor the same agreement. Thus, because we determined that the State did not *breach* the terms of the negotiated plea agreement, no error occurred in the trial court below, let alone, plain error.

{¶29} Accordingly, Taylor's assignment of error is overruled.

{¶30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**