[Cite as *State v. Pettiford*, 2023-Ohio-236.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KHALIL W. PETTIFORD, | : | Case No. CT2022-0037 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Muskingum County
                                   Court of Common Pleas, Case No.
                                   CR-20190636

JUDGMENT:                          Affirmed

DATE OF JUDGMENT:                  January 27, 2023

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RONALD L. WELCH                       KALIL W. Pettiford,  Pro Se
Prosecuting Attorney                  #A775698
Muskingum County, Ohio                Lebannon Correctional Institution
401 Main Street                       3791 W. State Route 63
Zanesville, Ohio 43701                Lebanon, Ohio 45036

*Baldwin, J.*

**{¶1}** Khalil Pettiford appeals the decision of the Muskingum County Court of Common Pleas denying his motion to withdraw his guilty plea. We have not received a brief from Appellee, State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** Pettiford was indicted on October 31, 2019, and charged with several offenses. The identity of the offenses and the underlying facts are not pertinent to this appeal and are omitted. Pettiford and Appellee entered into a plea agreement in which Pettiford agreed to plead guilty to one count of Trafficking in Drugs, a violation of R.C. 2925.03(A)(2) and a felony of the first degree as well as major drug offender and forfeiture specifications related to that charge. (R.C. 2941.1410; 2941.1417). He also agreed to plead guilty to one count of Illegal Manufacture of Drugs in violation of R.C. 2925.04(A), a felony of the second degree and a related forfeiture specification. (R.C. 2941.1417). In exchange Appellee agreed to dismiss the balance of the charges and support a joint recommendation of a fifteen-year prison sentence.

**{¶3}** The plea agreement between the parties was memorialized in a written Plea of Guilty, filed with the trial court on February 13, 2020:

> The Defendant acknowledges that the parties have engaged in plea negotiations and he accepts and agrees to be bound by the following agreement, which is the product of such negotiations.
>
> Upon a plea of "guilty" to Counts Two and Five as contained in the indictment, the parties agree to a joint recommendation that Defendant be sentenced to fifteen (15) years in prison. Defendant agrees to the forfeiture

of all items seized in regard to this matter. The State agrees to dismiss all remaining Counts of the indictment at the time of sentencing.

Such joint recommendation is conditioned upon Defendant's compliance with all bond conditions, and Defendant's compliance with all laws pending sentencing on this matter. The parties stipulate that the Counts herein do not merge.

The Defendant further acknowledges that he understands any sentencing recommendation does not have to be followed by the Court. (Emphasis in Original.)

Plea of Guilty, Feb. 20, 2020, p. 3.

**{¶4}** Pettiford appeared before the trial court for sentencing on March 30, 2020 and the trial court imposed the following sentence:

IT IS, THEREFORE, ORDERED that the Defendant serve the following sentence:

Count Two: a mandatory prison term of eleven (11) years; mandatory fine waived; an indefinite prison term of sixteen and one-half (16 1/2) years.

Count Five: a mandatory prison term of four (4) years; mandatory fine waived.

Provided however, as stipulated to by both parties in the plea agreement, Count Five shall be served consecutive to Count Two for an aggregate mandatory minimum prison term of fifteen (15) years and an aggregate

<u>indefinite maximum prison term of sixteen and one-half (16 1/2) years.</u>

(Emphasis in Original.)

Entry, March, 31, 2020, p. 2.

**{¶5}** The trial court filed an Amended Entry on June 4, 2020, with a note stating "The sole purpose of the entry is to amend the aggregate indefinite maximum prison sentence to adhere to § 2929.144." (Entry, Jun. 4, 2020, p. 1). The sentencing portion of the entry stated:

IT IS, THEREFORE, ORDERED that the Defendant serve the following sentence:

Count Two: a mandatory prison term of eleven (11) years; mandatory fine waived; an indefinite prison term of sixteen and one-half (16 1/2) years.

Count Five: a mandatory prison term of four (4) years; mandatory fine waived.

Provided however, as stipulated to by both parties in the plea agreement, Count Five shall be served consecutive to Count Two for an aggregate mandatory minimum prison term of fifteen (15) years and an aggregate indefinite maximum prison term of twenty and one half (20 1/2) years.

*Id., at* p. 2.

**{¶6}** The record is silent until April 19, 2022, twenty-two- and one-half months after the journalization of the Amended Entry, when Pettiford filed a "Motion to Withdraw Plea for Breach of Plea Agreement." Within this motion, Pettiford alleges that he entered into a plea agreement for a certain sentence and that the trial court violated that

agreement by imposing a longer sentence within the Amended Sentencing Entry. He acknowledges the trial court's reference to compliance with R.C. 2929.144 and concludes that the only solution is to vacate the sentence and allow him to withdraw his guilty plea.

{¶7} The State of Ohio opposed Pettiford's motion and, on May 17, 2022 the trial court denied the motion to withdraw. Pettiford filed a notice of appeal and has submitted one assignment of error:

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND, DENIED APPELLANT PETTIFORD HIS FOURTEENTH AMENDMENT UNDER THE UNITED STATES CONSTITUTION TO DUE PROCESS AND EQUAL PROTECTION OF LAW RIGHTS, AND ACTED IN A AND(sic) ARBITRARY MANNER BY THE TRIAL COURT ITSELF BREACHING THE PLEA AGREEMENT AND BY DENYING APPELLANT'S POST SENTENCE MOTION TO WITHDRAW PLEA FOR BREACH OF PLEA AGREEMENT PURSUANT TO CRIM.R. 32.1, WITH HEARING REQUESTED, THUS UNDER STATE V. TAYLOR, 2021-OHIO-4361, THE TRIAL COURT SHOULD REQUIRE SPECIFIC PERFORMANCE OF PLEA AGREEMENT OR ALLOW WITHDRAWAL OF PLEA."

## STANDARD OF REVIEW

{¶9} Criminal Rule 32.1 governs withdrawal of a guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest

injustice warranting the withdrawal of a guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. In *Smith, supra,* the Ohio Supreme Court, quoting *United States v. Semel* (C.A.4, 1965), 347 F.2d 228, addressed the concept of "manifest injustice," stating that "[t]his term [manifest injustice] has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Id.* at 264. Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * " *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting *Kadwell v. United States* (C.A.9, 1963), 315 F.2d 667. The length of passage of time between the entry of a plea and a defendant's filing of a Crim. R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. See *State v. Copeland-Jackson*, Ashland App. No. 02COA018, 2003-Ohio-1043.

{¶10} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**ANALYSIS**

{¶11} Pettiford built his appeal upon a conclusion that the trial court violated the plea agreement and, as a result, a manifest injustice has occurred that may be remedied only by permitting him to withdraw his guilty plea. Our analysis of Pettiford's appeal focuses upon evidence in the record that goes to the issue of the trial court's participation in the plea agreement, whether the trial court agreed to be bound by the agreement and whether the trial court breached the agreement.

* * [T]rial courts in Ohio, unlike federal courts and many courts in other states, may participate in plea negotiations. *See State v. Vari,* 7th Dist. Mahoning No. 07-MA-142, 2010-Ohio-1300, 2010 WL 1178133, ¶ 20 ("The Federal Rules of Criminal Procedure and a number of courts in other states prohibit participation by a judge in plea bargain negotiations."); compare *State v. Byrd,* 63 Ohio St.2d 288, 293, 407 N.E.2d 1384 (1980) ("Although this court strongly discourages judge participation in plea negotiations, we do not hold that such participation per se renders a plea invalid under the Ohio and United States Constitutions."). For example, a trial court may negotiate a material term of the agreement. *See State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, 2002 WL 31415406, ¶ 8–13 (affirming the trial court's participation in plea negotiation where it was involved in the discussions and promised not to impose a prison sentence). Additionally, the trial court may inject its own conditions for accepting a plea agreement. See *State v. Little,* 1st Dist. Hamilton No. C-180523, 2019-Ohio-4488, 2019 WL 5681470, ¶ 10 ("While the payment of restitution was not

part of the plea agreement as negotiated by the parties, the trial court made the payment of restitution a condition of it accepting the plea.").

If the trial court inserts itself in plea negotiations, it probably goes without saying that it may bind itself to that agreement. *Fyffe* at ¶ 22 ("Unless the court involves itself in the plea negotiations or agrees to the terms of the agreement, the trial court is not bound by the plea agreement, and the court may determine the appropriate sentence for the charges to which the defendant has pled guilty or no contest."); *Bonnell* at ¶ 18 ("When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary."); *State ex rel. Sakalosh v. Durkin*, 7th Dist. Mahoning No. 09-MA-22, 2009-Ohio-1512, 2009 WL 825773, ¶ 8 ("[I]t is well recognized that a trial court is free to impose a greater sentence so long as the defendant is forewarned of the applicable maximum penalties and the sentencing court was itself not a party to the agreement.").

*State v. Elliott*, 1st Dist. No. C-190430, 2021-Ohio-424, 168 N.E.3d 33, ¶¶ 8-10.

**{¶12}** Pettiford has not pointed to any evidence in the record that would demonstrate that the trial court was involved in plea negotiations. We find no evidence in the record before us that would support a conclusion that trial court made promises regarding the sentence, imposed conditions upon acceptance of the plea that are not required by the Revised Code or the Criminal Rules of Procedure or participated in the negotiation of the agreement. The parties approved and filed a written Guilty Plea that reflects the signatures of Pettiford, his counsel and the prosecutor but it does not reflect

the approval of the trial court. That agreement expressly states that the agreement is not binding on the court as it states that "The Defendant further acknowledges that he understands any sentencing recommendation does not have to be followed by the Court." (Guilty Plea, Feb. 13, 2020, p. 3).

{¶13} Pettiford suggests that the trial court accepted or approved the plea agreement by imposing the jointly recommended sentence of fifteen years and that as a result the agreement bound the court. First, we note that Pettiford offers no authority to support this conclusion, so we reject his premise. The trial court's discretion regarding the length of the sentence to impose is not controlled by a plea agreement in which it is not a participant, and the imposition of a sentence that matches a jointly recommended sentence does not convert the status of the trial court into a party to the agreement.

{¶14} And Pettiford's contention that the trial court followed the joint recommendation is refuted by the record. The parties jointly recommended a fifteen-year sentence, but the initial sentencing entry imposts a sentence of fifteen to sixteen and one-half years. Pettiford's argument that the trial court approved the plea agreement, imposed the recommended sentence and therefor became bound by the terms of the agreement fails not only because it has no legal support, but also because the facts show that the trial court did not impose the jointly recommended sentence.

{¶15} We find that the trial court was not a party to the plea agreement undermining the only argument offered by Pettiford to support his conclusion that he must be permitted to withdraw his guilty plea to prevent a manifest injustice. Instead, we find that the trial court amended the entry not to further punish Pettiford, but only to correct a clerical error.

**{¶16}** The relevant language of the March entry states:

IT IS, THEREFORE, ORDERED that the Defendant serve the following

sentence:

> Count Two: a mandatory prison term of eleven (11) years; mandatory
>
> fine waived; an indefinite prison term of sixteen and one-half (16 1/2)
>
> years.
>
> Count Five: a mandatory prison term of four (4) years; mandatory
>
> fine waived.

Provided however, as stipulated to by both parties in the plea agreement,

Count Five shall be served consecutive to Count Two for an aggregate

mandatory minimum prison term of fifteen (15) years and an aggregate

indefinite maximum prison term of sixteen and one-half (16 1/2 ) years.

Entry, March, 31, 2020, p. 2.

**{¶17}** With the stipulation that the sentences shall run consecutively, the correct aggregate mandatory minimum prison term is fifteen years and the correct aggregate indefinite maximum prison term of twenty- and one-half years. The only error in this entry is the reference to the sixteen and one-half year aggregate maximum prison term, a number that is inconsistent with the mandatory terms that were imposed by the court for each count and is clearly a clerical error.

**{¶18}** The trial court notes that the amended entry was issued to insure compliance with R.C. 2929.144, the relevant language of which states:

> If the offender is being sentenced for more than one felony, if one or
>
> more of the felonies is a qualifying felony of the first or second degree, and

if the court orders that some or all of the prison terms imposed are to be

served consecutively, the court shall add all of the minimum terms imposed

on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the

Revised Code for a qualifying felony of the first or second degree that are

to be served consecutively and all of the definite terms of the felonies that

are not qualifying felonies of the first or second degree that are to be served

consecutively, and the maximum term shall be equal to the total of those

terms so added by the court plus fifty per cent of the longest minimum term

or definite term for the most serious felony being sentenced.

R.C. 2929.144(B)(2).

**{¶19}** This section describes the mathematical function that the trial court failed to complete in the first entry and which was corrected in the second entry.

**{¶20}** We have held that "under Crim.R. 36, nunc pro tunc entries may be used to correct mathematical calculations and typographical or clerical errors and, hence, may be used to correct a sentencing entry to reflect the sentence the trial court imposed upon a defendant at a sentencing hearing." *State v. Spears*, Cuyahoga App. No. 94089, 2010–Ohio–2229, ¶ 10." *State v. Puttick*, 5th Dist. Morrow No. 12CA0012, 2013-Ohio-3295, ¶ 20. We find that the trial court's June 4, 2020 entry was a correction of a mathematical error and that Pettiford's sentence was not altered from what had been imposed on March 30, 2020.

**{¶21}** Finally, Pettiford has not addressed his delay in objecting to this alleged manifest injustice. He waited nearly two years to bring this matter to the attention of the trial court and does not offer an explanation. We have held that "* * * an "undue delay

between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and mitigating against the granting of the motion." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977)." *State v. Dull*, 5th Dist. Stark No. 2019CA00158, 2020-Ohio-4229, ¶ 14. We find that the delay in this case does affect Pettiford's credibility and mitigates against the granting of the motion.

**{¶22}** We find that the trial court did not abuse its discretion by denying Pettiford's request to withdraw his guilty plea. Pettiford has not demonstrated that he was a victim of a manifest injustice. The trial court was not a party to the plea agreement, did not subsequently become a party to the plea agreement and did not alter Pettiford's sentence, but simply corrected a clerical error.

**{¶23}** Pettiford's assignment of error is overruled.

**{¶24}** The decision of the Muskingum County Court of Common Pleas denying Pettiford's Motion to Withdraw his guilty plea is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.